UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EDMOND D. SPENCER
                    Plaintiff,

vs.

CASE NO.

Sec.

Mag.

WILLIAM ROSSO, CHAD MENZINA,
WILLIE RICHARDSON, BENJAMIN
ZERINGUE, and BURL CAIN, JOHN DOE,
sued in their Individual Capacities,
Burl Cain and John Doe also sued
in their Official Capacities, Defendants,

## VERIFIED COMPLAINT WITH JURY DEMAND

This is a civil rights action filed by Edmond D. Spencer, a state prisoner, for damages under 42 U.S.C. § 1983, alleging excessive use of force and denial of adequate medical care in violation of the Eighth Amendment to the United States Constitution; confinement in segregation in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution, and retalliation in violation of the First Amendment, and Deliberate indifference in violation of the Eighth Amendment. The plaintiff also alleges the State tort claims of Second Degree Battery, Louisiana Revised Statutes, Article 14:34.1; and Negligence and Emotional Distress, Louisiana Civil Code, Articles 2315, 2321, and 2317. Finally, plaintiff claims a violation of 18 U.S.C.A. § 242.

(1)

## JURISDICTION

1. The court has jurisdiction over the plaintiff's claims of violation of federal Constitutional rights under 42 U.S.C. §§ 1331 and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

## PARTIES

3. The plaintiff, Edmond D. Spencer, was incarcerated at the Louisiana State Penitentiary during the events described in this complaint. (Angola)

4. Defendant William Rosso is a correctional officer who was employed as a Captain at Angola. He is being sued in his individual capacity.

5. Defendant Chad Menzina is a correctional officer at Angola, who is employed as the Assistant Warden over Camp-D. He is Capt. William Rosso's superviser. He is being sued in his individual capacity.

6. Defendant Willie Richardson is a correctional officer at Angola, who is employed as a Major. He presides over the Disciplinary Board, and also answers to Asst. Warden Chad Menzina. He is being sued in his individual capacity.

(2)

7. Defendant Benjamin Zeringue is a correctional officer employed as a Captain at Angola. He also works under Asst. Warden Chad Menzina. He is being sued in his individual capacity.

8. Defendant Burl Cain is the Warden of the La. State Penitentiary at Angola, La. He is being sued in his individual capacity, and official capacity.

9. Defendant John Doe is a doctor at Angola, who was working in the A.T.U. at the R.E. Barrow Treatment Center (the prison hospital) on May 22, 2014. His name is presently unknown to plaintiff. He is being sued in his individual capacity, and official capacity.

<u>FACTS and MISUSE OF FORCE</u>

10. Plaintiff was seriously injured in a vehicle accident on August 6, 2013. He was confined to a wheel chair and a large C-collar neck brace for over 2 months, and was wearing an arm sling on his left arm on the day of the incident that is the subject of this complaint, which took place on May 20, 2014.

11. Plaintiff is represented by the Grodner Law Firm, Baton Rouge, La., for the vehicle accident on August 6, 2013. Attorney Donna U. Grodner has filed a

(3)

Petition for Damages in the 20th J.D.C. However, the claims being brought by the Plaintiff now in this present complaint are completely seperate from, and unrelated to, the wreck in 2013.

12. On May 20, 2014, Plaintiff was standing in the "Light Duty" line at 12:00 work call at Camp D.

13. Plaintiff had an arm-sling on his left arm, and an Indoor duty status, which means that he is injured and unable to work in the Field-Line.

14. Plaintiff was approached by Capt. William Rosso, who told the plaintiff that he could go to work in the field.

15. Plaintiff showed Defendant William Rosso his indoor duty status and said that he couldn't work in the fields.

16. Defendant Rosso began yelling and cursing the plaintiff, telling him to go to work in the field, or get locked up.

17. Plaintiff turned to go back to the dormitory to pack up his property, and Defendant Rosso grabbed onto plaintiffs arm-sling strap and roughly pulled and ripped the arm-sling off of the plaintiff's arm, and twisted the plaintiff's arm up behind his back. (see original A.R.P. attached) (Appendix "A").

(4)

18. Plaintiff was locked up in Administrative Segregation for a Rule #5 Aggravated Disobedience, and a Rule #28 Aggravated Work offense.

## Denial of Medical Care

19. About three hours later an EMT came to see if the plaintiff had any medical complaints. Plaintiff told her everything, and that he felt something pop or tear in his shoulder, and asked to be taken to the hospital because he was in great pain. The EMT said that she would tell the doctor and she left.

20. On May 22, two days later, plaintiff had still not been taken to the hospital and was still in great pain. Plaintiff made an Emergency Medical Complaint. An EMT came and the plaintiff told her exactly what he had told the other EMT on 5-20-14. This time the EMT left off the tier and went straight to the phone. She returned a few seconds later and said to get ready to go to the hospital.

21. At the prison hospital the plaintiff was sent to x-ray. The x-ray technician was unable to

(5)

take a complete set of x-rays because plaintiff could not lift his left arm away from his body.

22. From x-ray the plaintiff was taken to a holding pen and told to wait to be seen by the doctor.

23. After waiting several hours, the same EMT came and said that " the doctor says you're fine, You can go."

24. Plaintiff asked if the doctor was refusing to see him, and the EMT left. She returned a minute or so later and said that the doctor said nothing was wrong with me. She also made a report in front of me and said she was covering her own butt.

### DENIAL OF DUE PROCESS

25. After returning from the hospital, plaintiff was taken to Disciplinary Court for Capt. Rosso's write up. (see Appendix " A " attached).

26. After plaintiff pled not guilty, and showed his Indoor duty status to Major Willie Richardson, he was still found guilty and sentenced to 4 weeks Canteen loss.

(6)

FACTS and Denial of Medical Care

27. Plaintiff was released from Admin. Seg. that evening, May 22, 2013.

28. He wasn't bothered any more about going to work in the Field Lines, and Capt. William Rosso was moved to the Kitchen.

29. On June 4, 2014, plaintiff saw Dr. Lavespere at the prison hospital.

30. Dr. Lavespere scheduled an MRI and an appointment with Ortho.

31. Between June 4, 2014, and September 4, 2014, plaintiff filed numerous medical complaints, and wrote repeated letters to Warden Burl Cain, trying to get the MRI exam of his left shoulder and asking to be sent to an outside hospital for testing and treatment. All complaints and letters went unanswered and ignored.

32. Finally, on September 8, 2014, the MRI exam was done and the results of the test showed a torn rotator cuff, as well as tendon and ligament damage. Plaintiff filed an A.R.P. Grievance on Capt. William Rosso for excessive use of force and assault and battery. (see Appendix "A" attached).

(7)

<u>RETALLIATION AND DENIAL OF</u>
<u>DUE PROCESS</u>

33. On September 4, 2014, plaintiff was called to the Camp D Security Supervisor's office. When he arrived, Asst. Warden Chad Menzina, Colonel Randy Robinson, Major Willie Richardson, Capt. William Rosso, and Capt. Benjamin Zeringue were all there.

34. Asst. Warden Chad Menzina, Defendant, told the plaintiff to withdraw the A.R.P. (see Appendix "A" attached).

35. Plaintiff refused, and Defendant Chad Menzina and Defendant William Rosso began cursing the plaintiff, saying that he could either drop the A.R.P. or they were going to "Fuck over you."

36. Plaintiff again refused to withdraw his A.R.P. He was told to "get your stupid ass out of here and just get ready, because you don't have long" by defendant William Rosso.

37. On September 27, 2014, plaintiff was locked up in Administrative Segregation by Capt. Benjamin Zeringue, Defendant. Defendant Benjamin Zeringue authored and filed a false Disciplinary Report. (see Appendix "B" attached)

(8)

38. Plaintiff went before defendant Willie Richardson on September 30, 2014, in Disciplinary court.

39. Defendant asked if plaintiff was ready to drop his A.R.P. Plaintiff refused to withdraw it.

40. Defendant then sentenced plaintiff to Comp J, punitive segregation, on false charges of Rule #3 Defiance, and Rule #5 Aggravated Disobedience. (see Appendix "B" attached).

41. On October 1, 2014, and October 2, 2014, Plaintiff mailed written requests for a lie detector test and an investigation, to defendant Burl Cain.

42. On October 3, 2014, plaintiff filed an Appeal from the Disciplinary Board in defendant Burl Cain's office. As of today's date, February 12th, 2015, defendant Burl Cain has failed to answer. (see Appendix "B" attached).

43. On October 5, 2014, plaintiff filed an added claim of retaliation to ARP # LSP-2014-2559, that plaintiff filed on defendant William Rosso on August 18, 2014. (see Appendix "A" attached)

(9)

44. Between May 20, 2014 and today's date, February 12th, 2015, plaintiff has sent numerous letters and medical complaints to the defendant, Warden Burl Cain.

45. Plaintiff has also wrote letters to defendant Burl Cain asking to speak with the local police, because the plaintiff wishes to press criminal charges on defendant William Rosso for Second Degree Battery.

46. All requests and letters have gone unanswered. (See Appendix "C" attached)

## DENIAL OF MEDICAL CARE

47. Between May 20, 2014, and today's date, plaintiff has been denied proper medical care.

48. On August 18, 2014, I was finally seen by the Ortho Specialist. He gave me an injection into plaintiff's Shoulder socket, and ordered Physical Therapy.

49. Plaintiff finally was taken to Physical Therapy on November 8, 2014. The therapist said that he wanted an MRI exam of plaintiff's neck and upper back before starting therapy on the shoulder injury.

(10)

50. On November 24, 2014, plaintiff saw the Ortho doctor again, and was again given a shot into his shoulder socket.

51. To date, plaintiff has seen 4 different physical therapists, and all four want an MRI exam of the plaintiff's neck and back.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

52. Plaintiff has exhausted all administrative remedies.

### CLAIMS FOR RELIEF

53. The actions of defendant William Rosso in using physical force against the plaintiff without need or provocation, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

54. The actions of defendant William Rosso in using physical force against the plaintiff without need or provocation, is a violation of 18 U.S.C.A. § 242, because plaintiff was injured seriously.

55. The actions of defendant William Rosso in using physical force against the plaintiff without

(11)

need or provocation constituted the tort of Second Degree Battery under the law of Louisiana, La. R. S. Art. 14: 31. 1.

56. The actions of defendant Chad Menzina, in making verbal threats and in instructing his officers to retalliate against the plaintiff, constituted a violation of the First Amendment to the United States Constitution, for Retalliation.

57. The failure of defendant Chad Menzina to take disciplinary action or other action to curb the known pattern of physical abuse by defendants William Rosso and Benjamin Zeringue constituted deliberate indifference to the plaintiff's and other prisoner's safety, and contributed to and proximately caused the violations of Eighth Amendment, First Amendment, and Due Process rights, as well as the state tort law violations described in this complaint.

58. The actions of defendant Benjamin Zeringue, in authoring and filing a false disciplinary report constituted a violation of the First Amendment, Eighth Amendment, and Fourteenth

(12)

Amendments to the United States Constitution, ⬛⬛⬛ Retalliation, and constituted the state tort of Malfeasance under the law of Louisiana, La. R.S. art. 14. 134.

59. The actions of Willie Richardson, in sentencing the plaintiff to punitive segregation for a disciplinary report that he knew to be false, and on orders to do so by defendant Chad Menzina, constituted Retalliation in violation of the First Amendment to the United States Constitution.

60. Further, these same actions by defendant Willie Richardson constituted a violation of the Due Process rights of the Fourteenth Amendment, and also constitutes the state tort claim of Malfeasance in violation of Louisiana law. La. R.S. 14. 134.

61. The actions and/or inaction by defendant Burl Cain, Warden, in ignoring all complaints and letters, and plaintiff's appeal, are violations of the Eighth Amendment and the Fourteenth Amendmendment to the U.S. Constitution.

(13)

62. Further, the actions of defendant Burl Cain as described above, constitutes the state torts of Malfeasance under Louisiana law, La. R.S. art. 14:134, and Negligence and emotional distress, La. Civil Code, Articles 2315, 2321, and 2317.

63. The actions and/or inaction of John Doe in refusing to provide medical care, or to even look at the plaintiff after he was seriously injured, constituted a claim of Deliberate Indifference to a serious medical need, in violation of the Eighth Amendment to the U.S. Constitution.

64. The actions and/or inaction by defendant Burl Cain constituted the state tort claims of Negligence and the careless infliction of Emotional Distress, in violation of Louisiana law. Louisiana Civil Code, Articles 2315, 2321, and 2317.

65. The actions and/or inaction of John Doe on May 22, 2015, constituted the state tort claims of Negligence and the careless infliction of Emotional Distress, in violation of Louisiana law. La. Civil Code, Arts. 2315, 2321 and 2317.

(14)

## ADDITIONAL DEFENDANTS AND CLAIMS FOR RELIEF

66. It will be necessary for plaintiff to add additional defendants and claims in the future. For instance, the name of the John Doe doctor involved in this case. Plaintiff has no way of finding out until after Discovery procedures.

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1.) The physical abuse of the plaintiff by defendant William Rosso violated the plaintiff's rights under the Eighth Amendment to the United States constitution, violated 18 U.S.C.A. § 242, and constituted Second Degree Battery under Louisiana state law.

2.) Defendant Chad Menzina's failure to take action to curb the physical abuse of prisoner's violated the plaintiff's rights under the Eighth Amendment to the United States Constitution, and constituted the torts of Second Degree Battery and Malfeasance under Louisiana state law.

(15)

3.) Defendant Chad Menzina's actions in threatening the plaintiff, and subsequently ordering his officers, defendant Benjamin Zeringue and defendant Willie Richardson, to lock the plaintiff up in Administrative Segregation on a false disciplinary report and then sentence him to punitive segregation if he refused to withdraw his A.R.P. Grievance, violated the plaintiff's rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, and constituted the tort of Malfeasance under Louisiana law.

4.) Defendant Benjamin's actions of locking the plaintiff up in Administrative Segregation, and authoring and filing a false disciplinary report, violated the plaintiff's rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, and constituted Malfeasance under Louisiana law.

5.) Defendant Willie Richardson's actions in conducting the plaintiff's disciplinary hearing violated the plaintiff's rights under the Due Process Clause of the Fourteenth Amendment, and First Amendment to the United States Constitution, and constituted Malfeasance under Louisiana Law.

6.) Defendant Burl Cain's refusal to answer plaintiff's

(16)

disciplinary appeal violated plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

7.) Defendant Burl Cain's failing to provide adequate medical care for the plaintiff violated, and continue to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution, and constituted the state torts of Malfeasance and infliction of Emotional Distress under state law.

8.) John Doe's failure to provide adequate medical care for the plaintiff on May 22, 2014 violated, and continues to violate, plaintiff's rights under the Eighth Amendment to the United States Constitution, and constituted Negligence and infliction of Emotional distress under State law.

B. 1.) Issue an injunction ordering defendant Burl Cain to : immediately arrange for the plaintiff's need for an MRI exam, physical therapy, or other treatment to be evaluated by a medical doctor with expertise in the treatment of the types of injuries which the plaintiff suffers from;

2.) Carry out without delay the treatment directed by such medical doctor;

(17)

3.) Release the plaintiff from punitive segregation and place him in general population, with restoration of all rights;

4.) Expunge the disciplinary convictions described in this complaint from the plaintiff's institutional record.

C. Award compensatory damages, jointly and severally, in the following amounts:

1.) $100,000 against defendant William Rosso for the physical and emotional injuries sustained as a result of the plaintiff's beating,

2.) $20,000 against defendants Chad Menzina and Willie Richardson for the punishment, including the deprivation of liberty and amenity, and emotional injury resulting from their retaliation and denial of due process in connection with the plaintiff's disciplinary proceeding.

3.) $20,000 against defendant Benjamin Zeringue for the deprivation of liberty and amenity, and emotional injury resulting from him authoring and filing a false disciplinary report and locking up the plaintiff in Administrative segregation as an act of retaliation.

4.) $100,000 against defendant Burl Cain for physical and emotional injury resulting from his failure to provide adequate medical care to the plaintiff, for mental stress and emotional injury in his failing to answer any of the plaintiff's letters

(18)

or complaints asking for help, and for his refusal to answer plaintiff's disciplinary appeal and denying due process to the plaintiff; and, for failing to take disciplinary action or contact the local police because of Capt. William Rosso's repeated and numerous incidents of assaulting and physically abusing prisoners, and for failing to take any disciplinary action against defendants Chad Menzina, Willie Richardson, and Benjamin Zeringue.

5.) $100,000 against John Doe, for his refusal to examine or even talk to plaintiff on May 22, 2014, and for physical and emotional pain and suffering by plaintiff because of defendant John Doe's failure to provide adequate medical care to the plaintiff.

D. Award punitive damages in the following amounts:

1.) $30,000 against defendant William Rosso;

2.) $40,000 against defendant Chad Menzina;

3.) $20,000 against defendant Willie Richardson;

4.) $20,000 against defendant Benjamin Zeringue;

5.) $40,000 against defendant Burl Cain;

6.) $40,000 against John Doe doctor.

E. Grant such other relief as it may appear that plaintiff is entitled.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of purjury that the foregoing is true and correct.

On this 12th day of February, 2015, at Angola, La.

*Edmond D Spencer*

Edmond D. Spencer #253212
La. State Prison
Camp J, Gator 4L-8
Angola, La.
          70712

(20)