**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDMOND SPENCER (DOC# 253212)** | **: CIVIL ACTION** |
| | **: NUMBER: 15-00078-JWD-RLB** |
| **VERSUS** | |
| | **: JUDGE JOHN W. deGRAVELLES** |
| **WILLIAM ROSSO, ET AL** | **: MAGISTRATE JUDGE** |
| | **RICHARD L. BOURGEOIS, JR.** |

**ANSWER WITH JURY DEMAND**

**NOW INTO COURT,** through undersigned counsel, come defendants, Capt. William Rosso, Asst. Warden Chad Menzina, Major Willie Richardson, Capt. Benjamin Zeringue and Warden N. Burl Cain who deny every allegations contained in Plaintiff's complaint, except those which may be specifically admitted hereinafter, and further respond to inmate Edmond Spencer's complaint as follows:

**FIRST DEFENSE – LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff's complaint does not raise any facts, which rise to the level of a violation of the United States Constitution, a treaty or applicable federal law. A state law or policy alleged violated is insufficient grounds upon which this Court can exercise jurisdiction.

**SECOND DEFENSE – ELEVENTH AMENDMENT IMMUNITY**

Defendants are party to this suit in name only. The real substantial party in interest is the State of Louisiana. The State of Louisiana does not consent to being sued in Federal Court and it asserts its immunity under the Eleventh Amendment to the United States Constitution. Eleventh Amendment immunity applies to the Louisiana Department of Public Safety and Corrections as

it is an alter ego of the state.  Eleventh Amendment immunity applies to state officials and employees insofar as they are sued in their official capacities for monetary damages.

The Eleventh Amendment bars this court from hearing any of plaintiff's state law claims. Plaintiff's state law claims against defendant allege that defendant state officials violated state law or state policy when acting in the course and scope of their employment.

**THIRD DEFENSE – QUALIFIED IMMUNITY**

If any defendant is found by the Court to have violated plaintiff's civil rights, then the defendants are entitled to qualified immunity.  Defendants conduct did not violate any of plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known and they acted reasonably under the circumstances.

**FOURTH DEFENSE – STATE LAW CLAIMS/JUDICIAL REVIEW**

In the alternative, if this Court finds that any state law claims should not be dismissed under the Eleventh Amendment, then plaintiff is only entitled to judicial review of the record of his ARP.  State law governs plaintiff's state law claims in this Court.  Under state law, an offender who is aggrieved by the final agency decision concerning his ARP has recourse to the courts, but only in the form of judicial review of the record pursuant to La. R.S. 49:964.  Such review is limited solely to the record of the ARP.

**FIFTH DEFENSE – SUPERVISORY CAPACITY**

All the individual defendants sued upon in this lawsuit had no Personal knowledge of the incident and were expressly sued in their official capacity.  Insofar as they are sued in their official capacity they are not liable under Section 1983 for monetary damages.  In <u>Will v. Michigan Dept. of State Police</u>, 109 S. Ct. 2304 (1989) the Supreme Court stated that:

> But a suit against a state official in his or her official  capacity is
> not a suit against the official but rather is a suit against the

official's office.  As such, it is no different from a suit against the
State itself.

- 109 S.Ct. at 2311 (citations omitted).

The Court first held that a state is not a "person" for purposes of Section 1983.  The Court

then concluded that since a state was not a "person" for purposes of Section 1983, neither were

state officials acting in their official capacities.

Accordingly, these prison officer defendants as sued in their official capacities are not

liable under Section 1983 for monetary damages.  All such claims against them must be

dismissed.

## SIXTH DEFENSE – FAILURE TO EXHAUST ADMINISTRATVIE REMEDIES:

Plaintiff identified LSP-ARP # 2014-2559 as the basis for bringing this lawsuit.

Plaintiff's complaint contained multiple issues which have not been exhausted prior to the filing

of this lawsuit.

Effective April 26, 1996, 42 USC §1997e (a) was amended by the Prison Litigation

Reform Act to read as follows:

> No action shall be brought with respect to any prison conditions under §1983
> of this title, or any other Federal law, by a prisoner confined in any jail,
> prison, or other correctional facility until such administrative remedies as are
> available are exhausted

## SEVENTH DEFENSE – DENIAL OF RELIEF PRAYED FOR

Plaintiff is not entitled to monetary, injunctive, or declaratory relief.  Plaintiff is

proceeding *pro se*.  He is, therefore, not entitled to attorney fees under 42 U.S.C. Section 1988.

Plaintiff is not entitled to declaratory or injunctive relief.

Plaintiff has not suffered physical injury in fact.

There exists no justifiable controversy imposed against the Plaintiff

**IN FURTHER ANSWER:**

1.

The allegations of plaintiff's complaint contained in Paragraph 3 entitled parties are admitted in the following specific facts only.

(1)     Plaintiff, Edmond Spencer, DOC# 253212, is an inmate sentenced to the custody of the Louisiana Department of Public Safety and Corrections, and was confined currently at Louisiana State Penitentiary at all times relevant hereto;

(2)     Edmond Spencer was assigned Administrative Remedies Procedures numbered LSP 2014-2559 and no evidence were found to support his allegations, and his ARP was denied;

(3)     Burl N. Cain, is the Warden of Louisiana State Penitentiary;

(4)     Chad Menzina, Assistant Warden at Louisiana State Penitentiary;

(5)     William Rosso a Captain at Louisiana State Penitentiary;

(6)     Benjamin Zeringue is a Major at Louisiana State Penitentiary;

(7)     William Richardson, a Major at, Louisiana State Penitentiary;

2.

The allegations of plaintiff's compliant entitled "Statement of Claim" as contained in paragraph IV with its attachments are denied for lack of sufficient information to justify a reasonable belief therein.

3.

Defendants specifically deny any and all relief prayed for by the plaintiff.

4.

Defendants demand a trial by jury on all issues so triable.

5.

Defendants are entitled to recover reasonable expenses, including reasonable attorney fees, incurred for having to defend against this suit because it has no basis in law or in fact and such would have been apparent to plaintiff upon reasonable inquiry.

**WHEREFORE,** Defendants, the prison officers pray that judgment be rendered in their favor, dismissing plaintiff's complaints at his cost.

Respectfully Submitted,

**JAMES D. "BUDDY" CALDWELL**
**ATTORNEY GENERAL**

**BY:** _____/s/ Tunde M. Animashaun_____
**TUNDE M. ANIMASHAUN**
**ASSISTANT ATTORNEY GENERAL**
**Bar Roll # 19287**

**LOUISIANA DEPARTMENT OF JUSTICE**
**LITIGATION DIVISION**
1885 N. 3rd St. – 4th Floor
P. O. Box 94005
Baton Rouge, LA  70804-9005
Telephone: (225) 326-6300
Fax: (225) 326-6495
Email Address:  anima-shaunt@ag.state.la.us

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

**I FURTHER CERTIFY** that a copy of the foregoing was served on the *pro se* plaintiff by

depositing same in the United States mail, properly addressed and first class postage prepaid, this

10th day of August , 2015, as follows:

**Edmond Spencer**
DOC# 253212
Louisiana State Penitentiary
Angola, LA 70712

**/S/TUNDE M. ANIMASHAUN**
**TUNDE M. ANIMASHAUN**