UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EDMOND D. SPENCER (#253212)**                            **CIVIL ACTION**

**VERSUS**

**WILLIAM ROSSO, ET AL.**                                  **NO. 15-0078-JWD-RLB**

**O R D E R**

Before the Court is the plaintiff's Motion to Appoint Independent Expert Pursuant to Rule 706(a), Fed. R. Evid. (R. Doc. 26), pursuant to which he seeks to have an expert appointed to provide assistance in reviewing the plaintiffs' medical records and treatment. The plaintiff is not entitled to the relief requested at the present time, and the Court has not itself determined that an expert is necessary for the Court's benefit. *See Pedraza v. Jones*, 71 F.3d 194, 196-97 (5th Cir. 1995) (concluding that "Rule 706 is not applicable" where a plaintiff requests appointment of an expert witness for his own benefit). *See also Hulsey v. Thaler*, 421 Fed. Appx. 386, 389 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 1923 (2012) (noting that "[t]he purpose of Rule 706 is to allow 'the appointment of an expert to aid the court,' as distinct from an expert appointed for the benefit of a party"); *Hannah v. United States*, 523 F.3d 597, 601 n. 2 (5th Cir. 2008) (noting that a district court "should appoint an expert to aid an indigent party only in 'compelling circumstances'"). If this matter proceeds to trial, the plaintiff will be able to question medical witnesses subpoenaed by the Court from the plaintiff's institution or called by the defense who may have knowledge regarding the plaintiff's condition or treatment. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Appoint Independent Expert (R. Doc. 26) be and it is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on September 14, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**