UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDMOND SPENCER (#253212)                                               CIVIL ACTION

VERSUS

WILLIAM ROSSO, ET AL.                                                   NO. 15-78-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 10, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDMOND SPENCER (#253212)                                             CIVIL ACTION

VERSUS

WILLIAM ROSSO, ET AL.                                                NO. 15-78-JWD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (R. Doc. 11) asking the court to order the defendants to arrange for an MRI and a plan of treatment with a qualified specialist. This motion has been referred to the undersigned for review. (R. Doc. 12).

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Capt. William Rosso, Asst. Warden Chad Menzina, Major Willie Richardson, Capt. Benjamin Zeringue Warden Burl Cain, and Dr. John Doe, complaining that his constitutional rights have been violated through the use of excessive force, deliberate indifference to his serious medical needs, retaliation, and wrongful disciplinary charges and procedures. In short, the plaintiff alleges that defendant Capt. Rosso utilized excessive force resulting in an injury to the plaintiff's neck and shoulder for which he has been denied medical care, and that he was retaliated against for filing an administrative grievance against defendant Capt. Rosso resulting in false disciplinary charges and unmerited disciplinary action.

In the instant motion, the plaintiff alleges that he was assaulted and injured by defendant Rosso, and an orthopedic specialist later ordered physical therapy sessions for an injury to his left shoulder. He further alleges that four different physical therapists discovered an additional

injury to his neck, and have requested that the plaintiff have an MRI prior to continuing the therapy sessions.  The plaintiff alleges that Warden Burl Cain and other prison officials have refused and are continuing to refuse to provide him with the necessary diagnostic MRI, resulting in the possibility that, without the prescribed physical therapy, he "may never regain the use of his shoulder, arm, or hand again, or maybe something even worse."  The Court ordered the defendants to respond to the plaintiff's motion (R. Doc. 18).

The defendants have filed a Response in Opposition to Plaintiff Request for Injunctive Relief (R. Doc. 24), and argue that the plaintiff's assertions are not supported by the medical record.  In support of their Opposition, the defendants have submitted the Affidavit of Dr. Randy Lavespere (R. Doc. 24-1), the Medical Director at LSP, excerpts from the plaintiff's medical records, and a summary of the plaintiff's pertinent medical history prepared by Dr. Lavespere.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.  *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998).  Additionally, in accordance with the Prison Litigation Reform Act, preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm.  18 U.S.C. § 3626(a).

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976).  The official must "know[ ] of and disregard[ ]

an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir.2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

A review of the plaintiff's medical records reveals that the plaintiff requested an MRI of his neck, and he reported to his physical therapists that he was waiting on an MRI of his cervical spine. (R. Doc. 32-3). No recommendation for an MRI by a physical therapist was noted in the records. The records also show that the plaintiff consistently received physical therapy until he requested to be discharged on June 6, 2015. (R. Doc. 32-3, pg. 32). Furthermore, the records show consistent medical treatment of the plaintiff's injuries. Medical personnel repeatedly diagnosed, treated, and monitored his injuries. He is being followed by a neurologist and an orthopedist. After conservative treatments were attempted, the orthopedist ordered an MRI of the plaintiff's cervical spine on July 7, 2015, with a plan to follow up with an NCS/EMG if the MRI was within normal limits. (R. Doc. 32-3, pg. 29). The plaintiff's disagreement with the timing of the MRI does not show deliberate indifference.

As such, it is unlikely that the plaintiff will prevail on his claims against the defendants. As pointed out by the defendants, the plaintiff's assertions are not supported by his medical records. Furthermore, the plaintiff has offered only conclusory conjecture and opinions about his care. Any harm which may come to the plaintiff is not likely to be irreparable, and can be compensated for monetarily should the plaintiff prevail in this action. Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case. Plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (R. Doc. 11) be denied.

Signed in Baton Rouge, Louisiana, on December 10, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**