UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDMOND SPENCER (#253212)                                            CIVIL ACTION

VERSUS

WILLIAM ROSSO, ET AL.                                                NO. 15-78-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 8, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDMOND SPENCER (#253212)  CIVIL ACTION

VERSUS

WILLIAM ROSSO, ET AL.  NO. 15-78-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff's Motion for Partial Summary Judgment (R. Doc. 76) and Motion for Summary Judgment (R. Doc. 86).

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Capt. William Rosso, Asst. Warden Chad Menzina, Major Willie Richardson, Capt. Benjamin Zeringue Warden Burl Cain, and Dr. John Doe, complaining that his constitutional rights have been violated through excessive force, deliberate indifference to his serious medical needs, denial of due process in connection with disciplinary proceedings, and retaliation for the exercise of First Amendment rights. The plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

The plaintiff moves for partial summary judgment on his claims against defendant Burl Cain, relying upon the pleadings and his own Declaration. The plaintiff moves for summary judgment against all remaining defendants relying upon the pleadings. Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment

must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

    In his Complaint, the plaintiff alleges the following.  On August 6, 2013, he was injured in a vehicle accident which required him to wear a sling on his left arm.  On May 20, 2014, the plaintiff was standing in the light duty line at work call at Camp D when he was instructed by defendant Capt. Rosso to work in the field.  The plaintiff showed defendant Rosso his indoor

duty status form, and told him that he could not work in the field. Defendant Rosso began yelling and cursing at the plaintiff, and told him to go to work in the field or that he would be placed in administrative segregation. The plaintiff turned away from defendant Rosso, who grabbed the strap of the plaintiff's arm sling and pulled it, causing the sling to be ripped off of the plaintiff's arm. Defendant Rosso then twisted the plaintiff's arm behind his back, and he felt something pop or tear in his shoulder. The plaintiff was then placed in administrative segregation for Rule 5 (Aggravated Disobedience) and Rule 28 (Aggravated Work Offense) violations.

Approximately three hours later, the plaintiff was examined by an EMT, but received no further treatment. Two days later, on May 22, 2014, the plaintiff made an emergency medical complaint due to the pain he was experiencing in his left shoulder. The plaintiff was taken to the prison hospital. An x-ray of the plaintiff's shoulder was negative, and the plaintiff was discharged.

When the plaintiff returned from the hospital, a disciplinary hearing was held, chaired by defendant Major Richardson. Despite showing defendant Major Richardson his indoor duty status form, the plaintiff was found guilty and sentenced to four weeks loss of canteen.

The plaintiff was subsequently seen by Dr. Lavaspere on June 4, 2014, who ordered an MRI and orthopedic consultation. The plaintiff later filed an ARP against defendant Rosso on August 18, 2014.

On September 4, 2014, the plaintiff was called to the Camp D Security Supervisor's office. Defendant Asst. Warden Menzina, in the presence of defendants Major Richardson, Capt. Rosso, and Capt. Zeringue (and Col. Randy Robinson who has not been named as a defendant), told the plaintiff to withdraw his ARP. The plaintiff refused and defendants Menzina and Rosso

began to curse at him, and stated that the plaintiff could either withdraw his ARP or they were going to, "f*** over you." The plaintiff again refused, and he was told by defendant Rosso to, "get your stupid a** out of here and just get ready, because you don't have long."

On September 8, 2014 an MRI of the plaintiff's left shoulder revealed a torn rotator cuff and ligament damage. On September 27, 2014, the plaintiff was placed in administrative segregation by defendant Zeringue who authored a false Disciplinary Report accusing the plaintiff of violating Rule 5 (Aggravated Disobedience). A disciplinary hearing was held on September 30, 2014, and the plaintiff was found guilty and sentenced to Camp J. The plaintiff filed a disciplinary Appeal with defendant Cain on October 3, 2014. As of the filing of the Complaint, the plaintiff's Appeal had not been answered.

The plaintiff has also sent numerous complaints to defendant Cain regarding his medical care. On November 8, 2014, a physical therapist requested that the plaintiff have an MRI of his neck and upper back prior to beginning physical therapy for his shoulder. Despite four different physical therapists requesting one, an MRI of the plaintiff's neck and upper back had not been done as of the filing of the Complaint.

Addressing first the plaintiff's Motion for Partial Summary Judgment (R. Doc. 76), while the plaintiff states that he is moving for summary judgment on all claims for relief made against defendant Cain, the plaintiff only addresses the alleged due process violations on the part of defendant Cain. The plaintiff asserts that the allegations of his verified Complaint and his Declaration establish violations of his due process rights on the part of defendant Cain, and there is no genuine issue of material fact as to the same which would prevent the granting of summary judgment in favor of the plaintiff. However, subsequent to the filing of the plaintiff's current Motion (R. Doc. 76), the Court issued a Report and Recommendation (R. Doc. 83) on the

defendants' previously filed Motion to Dismiss (R. Doc. 9).  Therein the Magistrate Judge recommended, in pertinent part, dismissal of any claims against defendant Cain in his official capacity for monetary damages, and the plaintiff's due process claims.  The Magistrate Judge's recommendations were adopted by the District Judge on February 16, 2016.  *See* R. Doc. 87.  As such, this Court has already determined that the plaintiff's allegations against defendant Cain, even when accepted as true and taken in the light most favorable to the plaintiff, fail to establish a violation of the plaintiff's due process rights.  *See* R. Docs. 83 and 87.  Accordingly, given that the plaintiff's due process claims have been dismissed, the plaintiff's Motion (R. Doc. 76) should be denied as moot.

Turning to the plaintiff's Motion for Summary Judgment (R. Doc. 86), the plaintiff alleges that the defendants have failed to respond to his claims of excessive force and deliberate indifference to his serious medical needs in their Answer and Motion to Dismiss; therefore, the plaintiff's claims are deemed to be admitted in accordance with Rule 8(b)(6) of the Federal Rules of Civil Procedure.  As such, the plaintiff's alleges that he is entitled to summary judgment on these claims.

Rule 8(b) provides that in general, in responding to a pleading, a party must state its defenses to each claim asserted against it and admit or deny the allegations asserted against it. Rule 8(b)(6) provides that, "An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied.  If a responsive pleading is not required, an allegation is considered denied or avoided."

The record reflects that although the defendants did not specifically address the plaintiff's claims of excessive force and deliberate indifference to his serious medical needs in their Motion to Dismiss (R. Doc. 9), on August 10, 2015 an Answer (R. Doc. 22) was filed by the defendants.

Therein the defendants' stated their defenses to each claim asserted against them, and admitted certain allegations while denying all others.  *See* R. Doc. 22.  Accordingly, the plaintiff's argument is without merit, and his Motion (R. Doc. 86) should be denied.

## RECOMMENDATION

It is recommended that the plaintiff's Motion for Partial Summary Judgment (R. Doc. 76) be denied as moot, and the plaintiff's Motion for Summary Judgment (R. Doc. 86) be denied.  It is further recommended that this matter be referred back to the undersigned for further proceedings as appropriate.

Signed in Baton Rouge, Louisiana, on March 8, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**