# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

EDMOND SPENCER (#253212)                                    CIVIL ACTION

VERSUS

WILLIAM ROSSO, ET AL.                                        NO. 15-78-JWD-RLB

## RULING AND ORDER

This matter comes before the Court on the remaining defendants' Motion for Summary Judgment (R. Doc. 219). The Motion is opposed. *See* R. Doc. 222.

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Capt. William Rosso, Asst. Warden Chad Menzina, Major Willie Richardson, Capt. Benjamin Zeringue Warden Burl Cain, and Dr. John Doe, complaining that his constitutional rights have been violated through excessive force, deliberate indifference to his serious medical needs, denial of due process in connection with disciplinary proceedings, and retaliation for the exercise of First Amendment rights.[1] The plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

The remaining defendants move for summary judgment relying upon the pleadings, a Statement of Uncontested Material Facts, the Affidavit of M. Sgt. Brandy Giroir, and a copy of the Louisiana Administrative Code, Title 22, Part I, Section 325. The plaintiff opposes the summary judgment relying upon the pleadings, a Response to the Defendants' Statement of Uncontested Material Facts, a copy of the Louisiana Department of Public Safety and

---

[1] The only claims remaining are the plaintiff's claim of excessive force asserted against Defendant William Rosso, and the plaintiff's claim of retaliation asserted against Defendants William Rosso, Chad Menzina, Willie Richardon, and Benjamin Zeringue.

Corrections' Disciplinary Rules and Procedures for Adult Offenders, and excerpts of the depositions of the plaintiff and Sgt. Trevor Miles.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the

Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Verified Complaint, the plaintiff alleges the following: On August 6, 2013, he was injured in a vehicle accident which required him to wear a sling on his left arm. On May 20, 2014, the plaintiff was standing in the light duty line at work call at Camp D when he was instructed by defendant Capt. Rosso to work in the field. The plaintiff showed defendant Rosso his indoor duty status form, and told him that he could not work in the field. Defendant Rosso began yelling and cursing at the plaintiff, and told him to go to work in the field or that he would be placed in administrative segregation. The plaintiff turned away from defendant Rosso, who grabbed the strap of the plaintiff's arm sling and pulled it, causing the sling to be ripped off of the plaintiff's arm. Defendant Rosso then twisted the plaintiff's arm behind his back, and he felt something pop or tear in his shoulder. The plaintiff was then placed in administrative segregation for Rule 5 (Aggravated Disobedience) and Rule 28 (Aggravated Work Offense) violations.

Approximately three hours later, the plaintiff was examined by an EMT, but received no further treatment. Two days later, on May 22, 2014, the plaintiff made an emergency medical complaint due to the pain he was experiencing in his left shoulder. The plaintiff was taken to the prison hospital. An x-ray of the plaintiff's shoulder was negative, and the plaintiff was discharged.

When the plaintiff returned from the hospital, a disciplinary hearing was held, chaired by defendant Major Richardson. Despite showing defendant Major Richardson his indoor duty status form, the plaintiff was found guilty and sentenced to four weeks loss of canteen.

The plaintiff was subsequently seen by Dr. Lavaspere on June 4, 2014, who ordered an MRI and orthopedic consultation. The plaintiff later filed an ARP against defendant Rosso on August 18, 2014.

On September 4, 2014, the plaintiff was called to the Camp D Security Supervisor's office. Defendant Asst. Warden Menzina, in the presence of defendants Major Richardson, Capt. Rosso, and Capt. Zeringue (and Col. Randy Robinson who has not been named as a defendant), told the plaintiff to withdraw his ARP. The plaintiff refused and defendants Menzina and Rosso began to curse at him, and stated that the plaintiff could either withdraw his ARP or they were going to, "f*** over you." The plaintiff again refused, and he was told by defendant Rosso to, "get your stupid a** out of here and just get ready, because you don't have long."

On September 8, 2014 an MRI of the plaintiff's left shoulder revealed a torn rotator cuff and ligament damage. On September 27, 2014, the plaintiff was placed in administrative segregation by defendant Zeringue who authored a false Disciplinary Report accusing the plaintiff of violating Rule 5 (Aggravated Disobedience). A disciplinary hearing was held on September 30, 2014, and the plaintiff was found guilty and sentenced to Camp J. The plaintiff filed a disciplinary Appeal with defendant Cain on October 3, 2014. As of the filing of the Complaint, the plaintiff's Appeal had not been answered.

In response to the plaintiff's allegations, the defendants contend that the plaintiff's retaliation claim is subject to dismissal for failure to exhaust administrative remedies. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with

respect to prison conditions.[2] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

The defendants assert that the plaintiff never initiated a formal grievance with regards to his retaliation claim. The plaintiff complained in his ARP ("LSP-2014-2559) regarding the alleged use of excessive force by defendant Rosso. *See* R. Doc. 20-1, p. 18-19. On September 30, 2014 a First Step Response was issued, and relief was denied. *See* R. Doc. 20-1, p. 4. On October 5, 2014, the plaintiff attempted to supplement his ARP by adding his retaliation claim. *See* R. Doc. 1-2, p. 11-14. On October 9, 2014, the plaintiff proceeded to the Second Step wherein he complained of retaliation by Camp-D Security for refusing to drop his ARP. *See* R. Doc. 1-2, p. 16-17. On November 19, 2014 a Second Step Response was issued, and relief was denied. The Second Step Response addresses the May 20, 2014 allege use of excessive force by

---

[2] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

defendant Rosso, and the disciplinary report subsequently issued with regard to that incident. As such, the defendants are correct that the plaintiff's claim of retaliation was not addressed in the ARP proceeding.

However, the plaintiff correctly points out in his Opposition that he appropriately asserted his retaliation claim regarding the allegedly false disciplinary charge in his appeal of the disciplinary board's decision. The plaintiff asserts in his Verified Complaint, in his deposition, and again in his Opposition that he appealed the findings of the disciplinary board issued on September 30, 2014 to former Warden Cain, then after not receiving a response, to Secretary James LeBlanc. A purported copy of these appeals is attached to the plaintiff's Complaint. *See* R. Doc. 1-2, p. 28-32. Therein the plaintiff complains of retaliation by defendants Richardson, Zeringue, and Menzina. As noted by the plaintiff, the Fifth Circuit has found that the proper method of exhaustion for claims regarding an allegedly false disciplinary report is through a disciplinary appeal. *See Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001). The Court specifically states, "Richardson had to file a disciplinary appeal because this involved an allegedly false disciplinary report. The prison regulations explicitly state that a prison "must" file a disciplinary appeal in this situation."

The plaintiff's pursuit of a disciplinary appeal is uncontested. Accordingly, based on the record before the Court, the plaintiff has sufficiently alleged exhaustion of his administrative remedies with regards to his claim of retaliation against defendants Rosso, Menzina, Richardson, and Zeringue, and the defendants' Motion for Summary Judgment (R. Doc. 219) will be denied.[3]

Accordingly,

---

[3] *See Lee v. Wade*, 2014 WL 11512547 (M.D. La. 2014) (dismissing the plaintiff's claim regarding the issuance of a false disciplinary report where the plaintiff's ARP regarding the same was rejected because it pertained to disciplinary matters, and the plaintiff did not allege in his complaint that he pursued a disciplinary appeal.)

**IT IS ORDERED** that the defendants' Motion for Summary Judgment (R. Doc. 219) be and is hereby denied. Trial of the plaintiff's claims of excessive force and retaliation will proceed as scheduled beginning on March 19, 2018. The issue of exhaustion has been decided herein and will not be presented to the jury.

Signed in Baton Rouge, Louisiana, on <u>March 13, 2018</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**